Terri Jenkins
Antwan Henry
541 10th Street NW, #154
Atlanta, GA 3318

United States Courts
Southern District of Texas
FILED
AUG 30 2021
Nathan Ochsner, Clerk of Court

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | |
|---|---|
| IN RE: ORDER FOR FORECLOSURE CONCERNING<br><br>11939 CANYON VALLEY DRIVE, TOMBALL, TEXAS 77377<br><br>UNDER TEX. R. CIV. P. 736<br><br>PETITIONER:<br>CANYON GATE AT NORTHPOINTE OWNERS ASSOCIATION, INC.<br><br>RESPONDENT(S):<br><br>ANTWAN HENRY AND TERRI JENKINS | Civil Action No. 4:21-cv-01737<br><br>Hon. Vanessa D. Gilmore |

COMPLIANCE WITH ORDER DATED AUGUST 18, 2021

Respondents respectfully object to the Order entered August 18, 2021, because the initiative should come from the parties. Out of an abundance of caution, Respondents comply as follows:

**PLAINTIFF'S RENEWED VERIFIED MOTION FOR LEAVE TO FILE ELECTRONICALLY**

1. The date(s) on which defendant(s) or their representative(s) first received a copy of the summons and complaint in the state court action.

> To the best of Respondents' recollection, on or about 4/28/2021, Respondents received a copy of the Summons and Complaint.

2. The date(s) on which each defendant was served with a copy of the summons and complaint, if any of those dates are different from the date(s) set forth in item number 1.

> To the best of Respondents' recollection, on or about 4/28/2021, Respondents received a copy of the Summons and Complaint. Respondents cannot now locate any records on this matter.

3. In actions predicated on diversity jurisdiction, whether any defendants who have been served are citizens of the state in which this Court sits.

> Respondents are domiciled in, and are citizens of, Georgia. Therefore, respondents cannot be citizens of the state in which this Court sits.

4. In actions predicated on diversity jurisdiction, the amount alleged to be in controversy and the basis for this information.

> The value of the property, which is the value in controversy, was estimated by Zillow.com at $337,335 at the time of Notice of Removal, and is now estimated at $344,000.

COMPLIANCE WITH AUGUST 18, 2021 ORDER

2

5. If removal takes place more than thirty (30) days after any defendant first received a copy of the summons and complaint, the reasons why removal has taken place at this time and the date on which the defendant(s) first received a paper identifying the basis for such removal.

> To the best of Respondents' recollection, on or about 4/28/2021, Respondents received a copy of the Summons and Complaint.

> Note: In Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), a Canadian company was sued in Alabama state court by an Illinois corporation, for breach of contract and fraud. The Illinois corporation filed suit and sent a courtesy copy of the complaint to the defendant without serving it. Service was subsequently perfected and the defendant removed the action based on diversity jurisdiction on the 30th day after service, but 44 days after receipt of the courtesy copy. The Eleventh Circuit held that removal was untimely, relying on the "plain meaning" of the removal statute to mean "putting the defendant in possession of the complaint." Michetti Pipe Stringing, Inc. v. Murphy Bros., 125 F.3d 1396, 1398 (11th Cir. 1997).

> The U.S. Supreme Court reversed the Eleventh Circuit's decision, holding that regardless of any other issue, the 30 day removal period cannot be triggered for a complaint removable on its face until the defendant has been served with legal process. Murphy Bros., 526 U.S. at 347 (1999). The Supreme Court reasoned that service of process "is fundamental to any procedural imposition on a named defendant." Further, the Supreme Court noted that Congress intended the removal provision to give "adequate time" to decide whether to remove after receipt of plaintiff's complaint.

> The Supreme Court summarized the possibilities as follows:
> - If the summons and complaint are served together, the 30 day period for removal runs at once.
> - If the defendant is served with the summons but the complaint is provided sometime after, the

removal period runs from the defendant's receipt of the complaint.

- If the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing.

- If the complaint is filed in court prior to service, the removal period runs from the service of the summons.

/s/ _____  Executed on this 25th day of August, 2021.
    Antwan Henry, Respondent

/s/ _____  Executed on this 25th day of August, 2021.
    Terri Jenkins, Respondent

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date written below I served a true copy of the foregoing on the following by U.S. first class mail:

CANYON GATE AT NORTHPOINTE OWNERS ASSOCIATION, INC.
c/o SARAH B. GERDES
6548 Greatwood Parkway
Sugar Land, Texas 77479

/s/ _____  Executed on this _____ day of August, 2021.
    Person Serving Document